## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID M. PICKETT,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )          1:21CV916
                                           )
DR. EDWARD D. LANCE, et al.,               )
                                           )
                    Defendants.            )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants Edward D. Lance, M.D. ("Dr. Lance")

and Pamela Stutts, LPN's ("Nurse Stutts") Amended Motion to Dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 29.) Plaintiff David M. Pickett

filed an opposition brief. (Docket Entry 31.) For the reasons stated herein, the undersigned

recommends that Defendants' motion be granted.

## I.    BACKGROUND

Pro se Plaintiff, a former prisoner, filed this action under 42 U.S.C. § 1983 asserting an

Eighth Amendment claim against Defendants for deliberate indifference to a serious medical

need. (*See generally* Am. Compl., Docket Entry 15.) Plaintiff alleges that on or about September

1, 2020, he visited the prison's medical unit after submitting a sick call for complaints about

lower abdominal pain and incontinence. (*See id.* at 7.)[1] After Plaintiff shared with Nurse Stutts

that he had a family history of cancer, Nurse Stutts told Plaintiff that his request for a blood

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

test and prostate exam would be denied, and "was not necessary per NC prison medical policy." (*Id.*) Nurse Stutts informed Plaintiff that she would relay his information to Dr. Lance, but ultimately his request for an exam and blood work was denied. (*Id.*) Plaintiff asked Dr. Lance about cancer screening and shared his family history in which Dr. Lance replied that he would speak with Nurse Stutts. (*Id.*)

At some point Plaintiff was transferred to another prison facility, obtained lab work by the healthcare provider in early February 2021 at that facility, and by March 2021, it was confirmed that Plaintiff had stage 4 terminal prostate cancer. (*Id.*) Plaintiff alleges he is dying, with 2-5 years to live. (*Id.*) Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs and that his cancer could have been cured upon early detection and immediate medical attention. (*Id.*) Plaintiff seeks compensatory and punitive damages. (*Id.*)

## II.   DISCUSSION

Defendants contend that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. (Docket Entries 29, 30.) They also assert that they are entitled to qualified immunity and that Plaintiff's claims for punitive damages should be dismissed as a matter of law. (Docket Entry 30 at 8-9.) A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v.*

2

*United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

3

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the Court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

Here, the undersigned concludes that Plaintiff's allegations are insufficient to state a deliberate indifference claim against Defendants. Plaintiff's claims fall within the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment only proscribes acts or omissions by prison officials that are "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Since *Estelle*, courts have developed a two-part test for evaluating Section 1983 claims alleging Eighth Amendment violations as to medical care: courts first evaluate whether there was evidence of a serious medical need and if so, then consider whether a defendant's response to that need amounted to deliberate indifference. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

In the prison context, a serious medical need exists if (1) a condition has been diagnosed by a physician as mandating treatment or is so obvious that a layperson would recognize the need for medical care; or if (2) a delay in treatment causes a lifelong handicap or permanent loss. In order to prove deliberate indifference, a plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This part of deliberate indifference is a subjective standard, focusing on the defendant's conscious disregard of a substantial risk of harm. *Id.* at 837-38; *see also Parish v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004). Additionally, the individual defendant

4

must realize his actions were inappropriate as a result of his actual knowledge of risk to the inmate. *Parish*, 372 F.3d at 303. This standard is more than mere negligence, requiring actual knowledge of the individual defendant's own recklessness. *Farmer*, 511 U.S. at 836. Thus, it is well settled that negligence or medical malpractice are not sufficient to establish deliberate indifference. *Estelle*, 429 U.S. at 105-06. An "error of judgment" on the part of prison medical staff, or "'inadvertent failure to provide adequate medical care,' while perhaps sufficient to support an action for malpractice, will not constitute a constitutional deprivation redressable under § 1983." *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979) (quoting *Estelle*, 429 U.S. at 105) (abrogated in part, on other grounds, *Neitzke v. Williams*, 490 U.S. 319 (1989)).

Here, Plaintiff's Amended Complaint (when viewed in the light most favorable to him and with the benefit of all reasonable inferences) fails to allege a plausible deliberate indifference claim against Defendants. Plaintiff sought and was denied testing and a prostate exam, and unfortunately approximately six months later, it was determined that he suffered from stage 4 terminal prostate cancer. "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Abraham v. McDonald*, 493 F. App'x 465, 466 (4th Cir. 2012) (internal quotations and citation omitted). Further, "[a] willful denial of medical treatment to a prisoner may rise to the level of cruel and unusual punishment, and thus support a claim cognizable under [§] 1983." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Even construed liberally however, Plaintiff's allegations are nothing more than a disagreement with a form of treatment that is insufficient to rise to a level of a constitutional violation, *see Wright v. Collins*, 766 F.2d 841, 849

5

(4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.").

At most, Plaintiff alleges that Defendants were aware of his complaints about lower abdominal pain and incontinence, and his purported family history of cancer. (*See* Am. Compl. at 7.) Even with such knowledge, there is no allegation that Nurse Stutts did anything unconstitutional or deprived Plaintiff of adequate medical care when she simply informed Plaintiff of a prison policy and told him that she would pass along his complaints for review to Dr. Lance. There is no allegation that Nurse Stutts did not pass such information along to Dr. Lance; in fact, Plaintiff admits to speaking with Dr. Lance at some point. (*See id.*) Further, as to Dr. Lance, there are no allegations that he acted with a conscious disregard of a substantial risk of harm to Plaintiff. *Farmer*, 511 U.S. at 837; *see also Gomez v. Davis*, No. 7:20-CV-00726, 2022 WL 777064, at *6 (W.D. Va. Mar. 11, 2022) (internal quotations and citation omitted) ("In the context of a claim related to the denial of medical treatment, a defendant 'acts with deliberate indifference if he had actual knowledge of the [plaintiff's] serious medical needs and the related risks, but nevertheless disregarded them.'"); *Brown v. Mitchell*, 308 F. Supp. 2d 682, 708 (E.D. Va. 2004) (finding that the complaint did not "plead that [the prison physician] possessed a subjectively known risk as to either ailment[,]" and "there [wa]s nothing in the Complaint that articulate[d] that [the prison physician] had a subjective knowledge of the serious risk presented by the [condition] that he diagnosed in [deceased inmate].").

Ultimately, Plaintiff does not allege he received no medical care related to his complaints of lower abdominal pain and incontinence, but rather inadequate care in that he did not get the blood test and prostate exam he wanted. (Am. Compl. at 7); *see De'lonta v.*

6

*Johnson*, 708 F.3d 520, 526 (4th Cir. 2013) ("a prisoner does not enjoy a constitutional right to the treatment of his or her choice...."); *see also Wilson v. Alamieda*, No. CV 1-06-01393-JMR, 2009 WL 1034972, at *7 (E.D. Cal. Apr. 15, 2009) (unpublished) ("Although Plaintiff was subsequently diagnosed with cancer, Plaintiff's disagreement with the treatment provided by [the doctor] is not sufficient to state a claim for deliberate indifference to his medical needs."). As Plaintiff's allegations essentially boil down to inadequacy of medical care which "would, at most, constitute a claim of medical malpractice[,]" *Wright*, 766 F.3d at 849, he has failed to allege sufficient facts to meet the subjective prong's "particularly high bar to recovery." *Iko*, 535 F.3d at 241. Therefore, Defendants' motion to dismiss Plaintiff's Amended Complaint as to his Eighth Amendment deliberate indifference claim should be granted and his Amended Complaint should be dismissed.[2]

Defendants also argue that they are entitled to qualified immunity from Plaintiff's actions where he has failed to allege a constitutional violation. (Docket Entry 30 at 8-9.) Under the doctrine of qualified immunity, "government officials performing discretionary

---

[2] While Plaintiff has indicated in the Amended Complaint that he is suing Defendants in both their official and individual capacities (*see* Am. Compl. at 2), any claims in their official capacity would be subject to dismissal. "Although courts differ in their treatment of official capacity claims against individuals employed by private companies that contract with jails . . ., most treat such claims as claims against the private employer rather than against some government office or agency for which the privately-employed individuals provide services." *Riddick v. Watson*, 503 F. Supp. 3d 399, 414 (E.D. Va. 2020). Here, the Amended Complaint fails to properly allege an unconstitutional policy or custom of Defendants' private employer. *See McAlllister v. Wellpath Health Care*, No. 1:19CV1034, 2020 WL 2813386, at *4 (M.D.N.C. May 29, 2020) (unpublished) ("Conclusory allegations of deficient policies or customs do not suffice to state a viable claim for relief."). Alternatively, if treated as official capacity claims as state officers, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, "state sovereign immunity bars a claim for damages against state officers in their official capacities[.]" *Turner v. Sgt. Turner*, No. 1:14CV379, 2015 WL 3463487, at *5 n.1 (M.D.N.C. June 1, 2015) (unpublished).

functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity may be raised in a motion to dismiss." *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997). In the instant case, having found Plaintiff has not alleged valid constitutional violations, Plaintiff's claims against Defendants are subject to dismissal based on qualified immunity as well. *See Jackson v. Holley*, 666 Fed. Appx. 242, 244-45 (4th Cir. 2016) (holding that the "conduct about which [plaintiff] complains [did] not amount to an Eighth Amendment violation," thus "[defendant] was entitled to qualified immunity and her motion to dismiss should have been granted by the district court").

To the extent Plaintiff seeks punitive damages, that also fails. "The callous indifference required for punitive damages is essentially the same as the deliberate indifference required for a finding of liability on the § 1983 claim." *Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987). Thus, because of the noted deficiencies as to his Eighth Amendment deliberate indifference claim, Plaintiff's claim for punitive damages should also be dismissed.

## III. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendants' Amended Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry 29) be **GRANTED**, and Plaintiff's claims be dismissed without prejudice.

Joe L. Webster
United States Magistrate Judge

July 7, 2023

8